UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL SHEELEY,

    Plaintiff,

v.                            Case No: 2:15-cv-38-FtM-29DNF

ROBERT E. MCCORMACK,

    Defendant.
_____

## ORDER OF DISMISSAL

### I.

This matter comes before the Court upon review of the file. Michael Sheeley, who is detained at the Charlotte County Jail, initiated this action by filing a pro se, 42 U.S.C. § 1983 Civil Rights Complaint Form (Doc. #1). Plaintiff seeks leaves to proceed in forma pauperis (Docs. #2, #3).

### II.

The Prison Litigation Reform Act requires this Court to screen actions against governmental entities, officers, or employees of a governmental entity, to determine whether the complaint is frivolous, malicious, or fails to state a claim. See 28 U.S.C. § 1915A; see also 28 U.S.C. § 1915(e)(2)(b)(ii)(screening that applies to prisoner cases seeking to proceed in forma pauperis). The standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915A and §

1915(e)(2)(b)(ii). Douglas v. Yates, 535 F.3d 1316, 1319-20 (11th Cir. 2008)(internal citation omitted). "While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 444, 555 (2007). "Factual allegations must be enough to raise a right to relief about the speculative level." Id. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, dismissal for failure to state a claim is appropriate if the facts as pled fail to state a claim for relief that is "plausible on its face." Id. (internal quotation marks omitted). Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." Id. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that he defendant is liable for the misconduct alleged." Id.

Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992);

or, when it appears that the plaintiff has "little or no chance of success," Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). This Court is cognizant that it must liberally construe a pro se complaint. Douglas, 535 F.3d at 1319-20 (internal citation omitted). This liberal construction does not give a court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by, Aschroft v. Iqbal, 556 U.S. 662 (2009).

**III.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(citing Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Plaintiff names his public defender, Robert McCormack, as the sole defendant in this action. Complaint at 1, 3. According to the Complaint, plaintiff attributes liability on his public

defender for failing to "comply with [his] requests that he file motions with the court to procure exonerating evidence." Id. at 5. As a result, plaintiff claims defense counsel is "not diligent, grossly negligence, and inefficient." Id. at 6. Plaintiff requests, inter alia, that this Court "preserve the record and render any/all appropriate measures" as relief. Id. at 7.

Here, the Complaint is flawed and must be dismissed. The Complaint does not establish that the defendant, the public defender, was acting under the "color of state law." A defense attorney employed the Public Defender's Office "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted); Holt v. Crist, 233 F. App'x 900 (11th Cir. 2007). This is because the public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control." Legal Servs. Corp. v. Velazquez, 531 U.S. 533, 542 (2001) (quoting Polk County, 454 U.S. 321-322). "[A] public defender's obligations toward her client are no different than the obligations of any other defense attorney." Dodson, 454 U.S. at 318. As such, plaintiff's appointed defense counsel is not a state actor. Because the Court finds that the Complaint has not satisfied the second element of

a § 1983 action, the Court will not address whether the defendant's alleged wrongdoings meet the requirements of the first element.

To the extent plaintiff wishes to challenge his ongoing state court criminal proceedings, plaintiff must first preserve his grounds at the state court level and exhaust his state remedies under the Florida Rules of Criminal Procedure.  Thereafter, if convicted, plaintiff may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal court.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Complaint (Doc. #1) is **DISMISSED**, without prejudice, pursuant to § 1915A, or § 1915(e)(2)(b)(ii).

2.  The Clerk of Court shall terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __30th__ day of March, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record